IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH CHERCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-CV-586-WHA |
| | ) | [WO] |
| OFFICER JIM MOCK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Kenneth Cherch, files this *pro se* 42 U.S.C. § 1983 complaint against Officer Jim Mock, Corporal Gary Vickers, and Officer Tyler, who are, or were during the incident made the subject of the complaint, employees of the Geneva Police Department. Plaintiff alleges that on March 11, 2013, the officers conducted an unlawful search and seizure of his hotel room resulting in the filing of charges against him after Defendants found "paraphernalia." *Doc. No. 1.*

Defendants have moved to dismiss this action, in part, under the *Younger* abstention doctrine because the underlying criminal proceedings against Plaintiff on which the allegations in his complaint are based remain pending. *See Younger v. Harris*, 401 U.S. 37 (1971). The court granted Plaintiff an opportunity to respond to the motion to dismiss and he did so. *Doc. Nos. 19, 21.* For the reasons set forth below, the court concludes that Defendants' motion to dismiss under *Younger* is due to be granted in part and denied in part and the claim for monetary damages against Defendants be stayed pending completion of

Plaintiff's state court criminal proceedings. Because the court agrees it should abstain from considering Plaintiff's action under the *Younger* doctrine, the court declines to address Defendants' remaining arguments.

## I. DISCUSSION

A fair reading of the complaint reflects Plaintiff asserts various Fourth Amendment claims against Defendants. He claims Defendants illegally entered his hotel room when he was not present to give verbal or written consent and where no exigent circumstances existed and, therefore, entry and search of his hotel room was unlawful. The court further understands Plaintiff's complaint to assert a claim that Defendants subjected him to an illegal arrest following the alleged unlawful search and seizure. *Doc. No. 1*.

A court may properly abstain from exercising jurisdiction and avoid interfering with pending state-level proceedings based on the *Younger* abstention doctrine. *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989); *see Perez v. Ledesma*, 401 U.S. 82, 84-85 (1971) ("The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals, subject, of course, to review by certiorari or appeal in this Court or, in a proper case, on federal habeas corpus." (internal citation omitted)).

*Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings based under principles

of comity and federalism that a federal court should not interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45; *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1215-16 (11th Cir. 2002) (citing *Younger*). "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Rather, "[t]he question . . . is threefold; first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id*. at 1274 (quotation omitted). Exceptions to this rule include situations where (1) irreparable injury as a result of the prosecution is both great and immediate; (2) the state law flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 43); *Allee v. Medrano*, 416 U.S. 802, 836 (1974).

There is adequate opportunity for Plaintiff to raise his constitutional claims in his state court criminal proceeding, pre-trial and at trial, and in any direct and collateral appeals he may file if convicted. Plaintiff has not alleged that pending state court proceedings regarding

the charge(s) made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional concerns. Further, Plaintiff has alleged no prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. Plaintiff's Fourth Amendment claims, to the extent he seeks injunctive or declaratory relief, are due to be dismissed as federalism concerns require the court to abstain from considering such claims for equitable relief. An adequate remedy at law exists because Plaintiff may pursue his federal constitutional issues through the Alabama state court system. *See Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985) (per curiam). Accordingly, the court finds the *Younger* doctrine applies to those claims for which injunctive and/or declaratory relief is requested.

A number of lower courts have determined *Younger* should also apply to federal § 1983 actions requesting money damages. *See Gilbertson v. Albright*, 381 F.3d 965, 979 n. 13 (9th Cir. 2004) (noting that almost every circuit to address the issue, has recognized that *Younger* principles apply "in some fashion" to damages actions)*; see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) ( "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"); *Doby*, 758 F.2d at 1406 (ordering district court to abstain from resolving merits of petitioner's claim until state conviction reviewed by state appellate court).

Since Plaintiff's claims for damages stem from the legitimacy of the search of his

hotel room which gave rise to evidence underlying his pending state court criminal proceedings, they implicate the same grounds for abstention as implicated by any claims for injunctive and/or declaratory relief. Any decision could substantially interfere with, and potentially undermine, the results reached in the state court proceeding. Consequently, staying the federal proceeding pending resolution of the state court proceedings is an appropriate course of action. This is consistent with the Supreme Court's ruling in *Wallace v. Kato*, 549 U.S. 384 (2007), that where a plaintiff files a civil claim "related to rulings that will likely be made in a pending or anticipated criminal trial[ ], it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id*. at 393-94; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (holding that for a claim for damages, the parallel federal action should be stayed rather than dismissed); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles."); *Jones v. Takaki*, 1993 WL 41420 *3 (N.D. Ill. Feb. 18, 1993) ("Most significantly, given the doctrine of *res judicata*, the basic policy against federal interference with pending state criminal prosecutions generally will be frustrated as much by a damages award as it would be by either declaratory relief or an injunction.").

Having concluded the *Younger* doctrine applies and none of the exceptions to the doctrine preclude abstention, the court deems it appropriate to recommend this action be

stayed.[1] A stay, as opposed to dismissal, is appropriate when, as is the case here, Plaintiff

seeks monetary relief and such claims for damages cannot be addressed in the state court.[2]

*See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

For the reasons set forth above, Defendants' motion to dismiss is due to be granted

with respect to any claims for equitable relief against Defendants and such claims shall be

dismissed without prejudice because of this court's invocation of the *Younger* abstention

doctrine.  Defendants' motion to dismiss with respect to Plaintiff's claim for damages is due

to be denied, and Plaintiff's claim for damages under § 1983 is due to be stayed pending the

outcome of the state court proceedings.

In light of the foregoing, it is

**ORDERED** that if Plaintiff wishes to continue with this case after disposition of the

state criminal charges against him, he must, within thirty (30) days of the final disposition

of the criminal charges (including all pertinent  appeals and/or collateral appeals), file a

request that the stay be lifted and the case be re-opened.  Any such request to lift the stay

must be accompanied by documentary evidence showing the state criminal court proceedings

are concluded.  If the stay is lifted, the action will proceed at that time, absent any other bar

to suit. Accordingly, it is further

---

[1] In so doing, the court  has not spoken to, nor offered any opinion on, the merits of any of Plaintiff's allegations or claims raised under the Fourth Amendment and/or 42 U.S.C. § 1983.

[2] Defendants' reference to the court's decision *Pollard v. Shirey, et al.*, Civil Action No. 3:12-CV-292-TMH (M.D. Ala. 20212), is noted. For purposes of the instant proceeding, the undersigned concludes the findings and conclusions made herein are appropriate.

**ORDERED that on or before September 22, 2014**, Plaintiff shall file a notice regarding the status of the criminal case made the subject of the instant proceeding. Plaintiff shall file a new notice of status update regarding said criminal case proceedings every ninety (90) days thereafter unless, in the interim, he files a request to lift the stay in accord with the above directives. Plaintiff is cautioned that his failure to timely and fully comply with the court's directives will result a Recommendation that his remaining claims be dismissed without further notice.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion to dismiss (*Doc. No. 16*) be GRANTED regarding any claims for equitable relief against them and such claims be dismissed without prejudice;

2.  Defendants' motion to dismiss (*Doc. No. 16*) be DENIED regarding Plaintiff's § 1983 claim for damages;

3.  Plaintiff's damages claim against Defendants be STAYED pending resolution of the related state criminal case proceedings.

4.  The Clerk be DIRECTED to administratively CLOSE this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 8, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

7

objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of August, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE